```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

MILTON F. WRIGHT, SR.              *

           Plaintiff               *

       vs.                         *   CIVIL ACTION NO. MJG-17-2926

HOME PARAMOUNT PEST CONTROL,       *
et al.
                                   *
           Defendants
*      *       *      *      *      *      *      *      *
```

                        MEMORANDUM AND ORDER

   The Court has before it Plaintiffs' Motion For Leave To Amend Complaint To Identify And Add Party Defendant [ECF No.6], and the materials submitted relating thereto.  The Court finds that no response or hearing is necessary.

   This is a diversity motor vehicle accident case.  Compl. ¶ 4, ECF No. 1.  Plaintiff is a citizen of Virginia and Defendant Home Paramount Pest Control ("HMPS") is a citizen of Maryland.  Id. ¶¶ 1-2.  Plaintiff's original Complaint includes one more Defendant, Mr. Ruben Blas, and states that "Defendant Ruben Blas is a resident of Brookly [sic], New York and is the employee of Defendant HMPS and the driver of Defendant HMPS's vehicle which he negligently crashed into Plaintiff."  Id. ¶ 2.

   Plaintiff has been unable to serve Defendant Ruben Blas, allegedly because Mr. Blas falsified his identity and/or address on the document the parties exchanged at the time of the crash.

Pl.'s Mot. at 1, ECF No. 6-1.  At this time, Plaintiff seeks to replace Defendant Ruben Blas with a John Doe Defendant, whose identity and address are unknown.  Specifically, Plaintiff wishes the Amended Complaint to state:

> Defendant John Doe is the employee of Defendant HPPC previously identified as Ruben Blas whose true identity and address is unknown to Plaintiff because he provided false information to Plaintiff at the time of the crash and because Defendant HPPC has stated that it does not know Defendant Blas's actual address and will not accept service on his behalf.

Pl.'s Mot. Ex. 4 ¶ 5, ECF No. 6-4.

"It is hornbook law that a plaintiff seeking relief in a federal court has the burden of alleging and proving the jurisdictional facts."  Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979).  Under the circumstances, the Court will deny Plaintiff's motion to amend because diversity jurisdiction may be defeated by John Doe's citizenship, and the proposed amendment does not allege his citizenship. See, e.g., Ancient Egyptian Arabic Order Nobles Mystic Shrine of N. & S. Am. & its Jurisdiction, Inc. v. Most Worshipful Prince Hall Grand Lodge of Virginia, Free & Accepted Masons, Inc., No. CIV. A. 3:09CV521, 2009 WL 4068454, at *2 (E.D. Va. Nov. 19, 2009)("While the Plaintiffs' naming of John Doe defendants does not destroy diversity jurisdiction automatically, the Plaintiffs must at

2

least show that the John Doe defendants are citizens of states other than the Plaintiffs' states of citizenship."); Johnson v. Gen. Motors Corp., 242 F. Supp. 778, 779 (E.D. Va. 1965) (stating "it is fundamental that where diversity is challenged, the plaintiff has the burden of establishing that diversity exists" and dismissing action for lack of diversity jurisdiction); Staton v. Doe, No. 6:15CV34, 2016 WL 6493418, at *5 n.6 (W.D. Va. Oct. 12, 2016) ("Staton concedes that the citizenship of the John Doe defendants is unknown. His allegation that 'upon information and belief, diversity of citizenship exists" is not sufficient to allege diversity jurisdiction.').

The current Complaint, as filed, alleges diversity jurisdiction. However, if the Plaintiff now believes that any of the factual allegations are unsupported or untrue, he must amend his Complaint to correct those allegations. In order for the case to continue in federal court, any such amendment must not defeat this Court's diversity jurisdiction.

Accordingly:

1. Plaintiffs' Motion For Leave To Amend Complaint To Identify And Add Party Defendant [ECF No.6] is DENIED.

2. This action is without prejudice to Plaintiff's ability to seek leave to amend his Complaint.

SO ORDERED, this Wednesday, March 28, 2018.

/s/
Marvin J. Garbis
United States District Judge